```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Erika Bunnell

   v.                                    Civil No. 18-cv-569-LM
                                                  Opinion No. 2019 DNH 146

Andrew Saul, Commissioner
of Social Sec. Admin.

## **O R D E R**

Erika Bunnell seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the decision of the Commissioner of the Social Security Administration, denying her application for disability insurance benefits. Bunnell moves to reverse the Commissioner's decision, and the Commissioner moves to affirm. For the reasons discussed below, the decision of the Commissioner is affirmed.

**STANDARD OF REVIEW**

In reviewing the final decision of the Commissioner in a social security case, the court "is limited to determining whether the [Administrative Law Judge] deployed the proper legal standards and found facts upon the proper quantum of evidence." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); accord Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001). The court defers to the ALJ's factual findings as long as they are supported by substantial evidence. 42 U.S.C. § 405(g); see also Fischer v. Colvin, 831 F.3d 31, 34 (1st Cir. 2016). "Substantial evidence is more than a scintilla. It means such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Astralis Condo. Ass'n v. Sec'y Dep't of Housing & Urban Dev., 620 F.3d 62, 66 (1st Cir. 2010).[1]

In determining whether a claimant is disabled, the ALJ follows a five-step sequential analysis. 20 C.F.R. § 404.1520(a)(4). The claimant "has the burden of production and proof at the first four steps of the process." Freeman v. Barnhart, 274 F.3d 606, 608 (1st Cir. 2001). The first three steps are (1) determining whether the claimant is engaged in substantial gainful activity; (2) determining whether she has a severe impairment; and (3) determining whether the impairment meets or equals a listed impairment. 20 C.F.R. § 404.1520(a)(4)(i)-(iii).

At the fourth step of the sequential analysis, the ALJ assesses the claimant's residual functional capacity ("RFC"), which is a determination of the most a person can do in a work setting despite her limitations caused by impairments, id. § 404.1545(a)(1), and her past relevant work, id. § 404.1520(a)(4)(iv). If the claimant can perform her past relevant work, the ALJ will find that the claimant is not

---

[1] In arguing that the ALJ's decision must be reversed, Bunnell frequently contends that the ALJ's decision was not "fair." The standard of review on appeal, however, is whether the ALJ's decision is supported by substantial evidence. Fairness is not an element of the analysis.

disabled. See id. § 404.1520(a)(4)(iv). If the claimant cannot perform her past relevant work, the ALJ proceeds to Step Five, where the ALJ has the burden of showing that jobs exist in the economy which the claimant can do in light of the RFC assessment. See id. § 404.1520(a)(4)(v).

**BACKGROUND**

A detailed factual background can be found in the parties' statements of material facts (doc. nos. 8-2, 9-2). The court provides a brief summary of the case here.

On November 24, 2015, Bunnell filed an application for disability insurance benefits. She alleged a disability onset date on that same date. Bunnell alleged a disability due to diabetes, gastroparesis, kidney disease, depression, anxiety, and post-traumatic stress disorder ("PTSD").

After Bunnell's claim was denied, she requested a hearing in front of an ALJ. On July 21, 2017, the ALJ held a hearing, during which Bunnell, who was represented by an attorney, appeared and testified. At the start of the hearing, Bunnell tendered additional evidence related to her mental status, blood sugar instability, asthma, and a new neurological issue. The evidence was described by counsel as "just updates to the records that were already in the file." Admin. Rec. ("AR") at 133. Under 20 C.F.R. § 404.935, the ALJ refused to admit the

evidence into the record because it was not tendered at least five days before the hearing.

On September 12, 2017, the ALJ issued an unfavorable decision. He found that Bunnell had the following severe impairments: diabetes, gastroparesis, kidney disease, depression, anxiety, PTSD, and obesity. The ALJ also found that Bunnell's compulsive disorder and trichotillomania were not medically determinable severe impairments and that her retinopathy was a non-severe impairment. The ALJ found that Bunnell had the RFC to perform light work, as defined in 20 C.F.R. § 404.1567(b), except that she was limited to occasional work involving hazards (such as unprotected heights and moving machinery) and simple and routine tasks. Bunnell was also limited to simple work-related decisions.

In assessing Bunnell's RFC, the ALJ gave strong weight to the opinion of Dr. Marie Turner, a state-agency physician who reviewed Bunnell's medical records on April 11, 2016. The ALJ also gave strong weight to the opinion of Dr. Laura Landerman, a state-agency psychologist, who reviewed Bunnell's medical records. The ALJ gave partial weight to the opinion of Dr. William Dinan, a psychologist who performed a consultative examination on Bunnell.

The ALJ gave little weight to the opinions of treating physicians Dr. Robert Silver and Dr. Robert Stidwell. In their

opinions, which substantially mirrored each other, the physicians stated that Bunnell needed to avoid exposure to odors, dusts, and gases, and they opined that Bunnell would be absent four days per month and off-task ten (Dr. Silver) to twenty-five (Dr. Stidwell) percent of the time at work.

A vocational expert testified, in response to hypotheticals posed by the ALJ, that a person with Bunnell's RFC could perform jobs that exist in significant numbers in the national economy, including garment folder, sorter (agricultural produce), and cleaner/polisher.[2] Based on the vocational expert's testimony, the ALJ found at Step Five that Bunnell was not disabled. On April 23, 2018, the Appeals Council denied Bunnell's request for review, making the ALJ's decision the Acting Commissioner's final decision. This action followed.

## DISCUSSION

Bunnell raises several claims of error on appeal. She argues that the ALJ erred by failing to admit the evidence presented to him at the hearing; by rejecting the opinions of Bunnell's treating physicians and Dr. Dinan and consequently failing to address whether Bunnell could sustain work given her

---

[2] The vocational expert testified that Bunnell's service animal would preclude the sorter job, but not the garment folder or cleaner/polisher jobs. As discussed further infra, the ALJ did not address whether Bunnell's service dog constituted a limitation in his opinion.

5

limitations; and by failing to include limitations reflecting her support dog, mental status, and asthma.

I.  Evidence

Bunnell argues that the ALJ erred by refusing to admit the evidence that she presented for the first time at the hearing. Bunnell contends that this evidence "filled the gap in the record for basically over a year's time" and established a neurological disorder that would have rendered her disabled. Doc. no. 8-1 at 12.

Under the "five-day rule," an ALJ is permitted to refuse evidence that is submitted fewer than five days before the hearing, unless certain circumstances apply.  20 C.F.R. § 404.935(a); Patrick S. v. Saul, No. 1:18-cv-289-DBH, 2019 WL 3814283, at *1-*2 (D. Me. Aug. 19, 2019).  Those circumstances include misleading actions by the Social Security Administration; a claimant's limitation that prevented her from submitting the evidence earlier; unavoidable circumstances such as serious illness, death or serious illnesses in the claimant's immediate family; destruction or damage from fire or other accidents; or the claimant "actively and diligently sought evidence from a source" and the evidence was not received within five days before the hearing.  20 C.F.R. § 404.935(b).

Bunnell argues that the failure to submit the evidence before the hearing was based on her counsel's mistaken belief

that the evidence had already been submitted. Bunnell does not contend that any of the circumstances listed in § 404.935(b) apply. Instead, Bunnell argues that the ALJ had an obligation to fully develop the record under 42 U.S.C. § 405(b)(1) and other authorities, asserting that the evidence that the ALJ refused to admit is necessary to develop a full record.

Section 404.935(b), however, does not contain an exception for situations in which the excluded evidence is important or even critical to developing the entire record. See Newcomb v. Astrue, No. 2:11-cv-02-GZS, 2012 WL 47961, at *10 & n.7 (D. Me. Jan. 6, 2012) (addressing predecessor rule to § 404.935, discussing the reasoning behind the rule, and concluding that the ALJ's duty to fully develop the record does not "trump the concern" that led to the rule permitting the ALJ's rejection of late-tendered evidence). While the exceptions are not all-inclusive, none of the listed exceptions relates to the importance of the evidence within the claimant's case. See § 404.935(b). Rather, they relate to whether the reason for the exclusion was unavoidable due to circumstances outside the claimant's control. See id.

In a final effort to save her argument, Bunnell contends that she should not be punished for her counsel's mistake. Again, however, § 404.935(b) does not contain an exception for failures to present evidence when the claimant is represented by

7

counsel. Remand on the ground that the record is not fully developed or on the ground that the ALJ erred by declining to consider the evidence under § 404.935(b) is not warranted.

II. RFC Analysis

Broadly, Bunnell argues that the ALJ erred in finding that she had an RFC that allowed her to perform work that exists in significant numbers at the national level. She contends that the ALJ's incorrect RFC assessment stems from (1) assigning little weight to the opinions of Drs. Stidwell and Silver; (2) assigning partial weight to the opinion of Dr. Dinan; and (3) failing to consider evidence that supported a finding that she was unable to maintain a regular work schedule, work with her service dog, work with her asthma, and work with her mental limitations. The court addresses each of these arguments in turn.

### A. Weight of Opinions

"An ALJ is required to consider opinions along with all other relevant evidence in a claimant's record." Ledoux v. Acting Comm'r, Social Sec. Admin., No. 17-cv-707-JD, 2018 WL 2932732, at *4 (D.N.H. June 12, 2018). "Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis

and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." § 404.1527(a)(1).

The ALJ analyzes the opinions of state agency consultants, treating sources, and examining sources under the same rubric. See id.; § 404.1527(c). The ALJ must consider "the examining relationship, treatment relationship (including length of the treatment relationship, frequency of examination, and nature and extent of the treatment relationship), supportability of the opinion by evidence in the record, consistency with the medical opinions of other physicians," along with the doctor's expertise in the area and any other relevant factors. Johnson v. Berryhill, No. 16-cv-375-PB, 2017 WL 4564727, at *5 (D.N.H. Oct. 12, 2017).

### 1. Drs. Stidwell and Silver

Bunnell contends that the ALJ failed to properly evaluate the opinions of two treating physicians, Dr. Silver (treating endocrinologist) and Dr. Stidwell (treating primary care physician). Bunnell contends that the ALJ erred by giving these opinions little weight. Bunnell accuses the ALJ of rejecting their opinion evidence "based upon his own medical study." Doc. no. 8-1 at 4-5.

A treating source's medical opinion is entitled to controlling weight when it is "well-supported by medically

acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). The ALJ must give "good reasons" for the weight he gives a treating source's medical opinion. Id. § 404.1527(c)(2). "Those reasons must offer a rationale that could be accepted by a reasonable mind." Bean v. Berryhill, 2019 WL 277592, at *3 (D.N.H. Jan. 22, 2019).

Both Drs. Stidwell and Silver opined that Bunnell would be unable to work on a regular basis, opinions which are at odds with the ALJ's RFC findings. An ALJ, however, is permitted to discount the opinion of a treating physician if the physician fails to provide a reasoned analysis for his opinion, by, for example, offering only a "checklist" of restrictions. See McGrath v. Astrue, No. 10-cv-455-JL, 2012 WL 976026, at *5 n.13 (D.N.H. Mar. 22, 2012) ("When an opinion is given in a cursory fashion, the ALJ can properly give it less weight."). Here, the ALJ rejected the opinions on the basis that they were in "checklist" format, lacked analysis, and were not supported by the other evidence in the record. The ALJ did not err in giving the opinions little weight on these grounds. See id. at *5.

The ALJ pointed to inconsistencies between Drs. Stidwell's and Silver's opinions and the medical record, specifically regarding the extent of the limitations based on Bunnell's fatigue due to diabetes and her exposure to dust, odors, and

perfumes. Bunnell contests the ALJ's statement that Drs. Stidwell's and Silver's opinions were inconsistent with medical evidence, arguing that the medical notes which the ALJ found to contradict the physicians' opinions predated the alleged onset date.

The ALJ, however, pointed to the medical opinions that predated the alleged onset date because they were consistent with those within the alleged disability period. In other words, the medical reports consistently showed that Bunnell's diabetes symptoms were managed to a greater degree than indicated by Drs. Silver and Stidwell in their opinions of Bunnell's functional capacity. Bunnell has not demonstrated that the ALJ erred by assigning the opinions of Drs. Stidwell and Silver little weight.

2. Dr. Dinan

Bunnell also challenges the weight the ALJ gave to Dr. Dinan's opinion, specifically Dr. Dinan's opinion that Bunnell would not be able to maintain a regular job schedule and attendance. Although the ALJ gave strong weight to the other portions of Dr. Dinan's opinion, the ALJ found that Dr. Dinan failed to provide any explanation or support for this conclusion.

In contesting the ALJ's conclusion on this point, Bunnell looks to Dr. Dinan's mental status assessment, in which he noted

that Bunnell has a highly variable "task initiation," has a highly variable working pace, is easily distracted by unexpected schedule changes, and has increased levels of anxiety when she becomes over-stressed. As the Commissioner observes, however, these findings do not establish that Bunnell would be unable to maintain a regular work schedule. Rather, they suggest limitations on her mental functioning at work, which the ALJ addressed in detail in his opinion. Furthermore, Dr. Landerman, whose opinion was given strong weight, disagreed with Dr. Dinan's assessment as to Bunnell's ability to maintain a work schedule.

The ALJ was entitled to weigh the two opinions and decide which was more persuasive based on the relevant factors. Therefore, the ALJ did not err by discounting Dr. Dinan's opinion that Bunnell would be unable to maintain a regular work schedule.

B. <u>RFC</u>

Citing the opinions of Drs. Silver and Stidwell, as well as various other evidence from the record, Bunnell contends that the ALJ should have found that she was unable to work because she could not maintain a consistent work schedule. However, as noted, the ALJ properly discounted the opinions of Drs. Silver and Stidwell, and other evidence examined by the ALJ supports the opposite conclusion. Because the ALJ is entitled to

deference in weighing conflicting evidence, there is no error in the ALJ's implicit finding that Bunnell could maintain a consistent work schedule.

Bunnell argues that the ALJ erred by failing to include an accommodation for her support dog in the RFC assessment. While the ALJ did not include such an accommodation in the RFC assessment, the vocational expert testified that a support dog would not preclude Bunnell's employment as a garment folder or cleaner/polisher. Therefore, any error in failing to include that limitation in the RFC is, at most, harmless because it does not change the outcome of the proceeding. See Taylor v. Astrue, 899 F. Supp. 2d 83, 89-90 (D. Mass. 2012).

Bunnell also contends that the ALJ should have included limitations for her asthma based on the opinions of Drs. Silver and Stidwell. The ALJ, however, gave those opinions little weight. As noted above, the ALJ's determinations about the weight of opinion evidence is supported by substantial evidence.

Likewise, Bunnell's contention that the ALJ failed to consider her limitations based on mental status (such as compulsive disorder and trichotillomania) is undercut by the substantial evidence that supports discounting Dr. Silver's opinion, Dr. Stidwell's opinion, and Dr. Dinan's opinion, in part, and giving Dr. Landerman's opinion strong weight. Bunnell does not—and cannot, given the record before the court—contend

that the ALJ's opinion was inconsistent with Dr. Landerman's opinion or the portions of Dr. Dinan's opinion given strong weight.

Finally, Bunnell vaguely asserts that the ALJ failed to adhere to SSR 14-2p[3] when evaluating the evidence regarding Bunnell's diabetes.  However, this argument is not developed where Bunnell simply states, without any further explanation, that the ALJ failed to consider the mental and physical limitations stemming from diabetes in conjunction with other impairments.  Doherty v. Merck & Co., Inc., 892 F.3d 493, 500 (1st Cir. 2018) ("It is a familiar refrain in this circuit that 'issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'") (quoting United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990)).  In any event, the ALJ expressly considered the effects of Bunnell's diabetes, and his findings are supported by the medical reports that it was managed throughout the claimant's disability period.  Furthermore, the ALJ relied upon opinion evidence in which the effects of Bunnell's diabetes were examined and found to be managed.

---

[3] SSR 14-2p provides information about how the Social Security Administration evaluates and determines the types of limitations and impairments resulting from diabetes.

14

In sum, substantial evidence supports the ALJ's finding that Bunnell was not disabled. At most, Bunnell simply shows that, given the evidence in the record, the ALJ could have made a different decision. Even if true, that is not sufficient to warrant reversal or remand. Quaglia v. Colvin, 52 F. Supp. 3d 323, 334 (D. Mass. 2014).

## CONCLUSION

For the foregoing reasons, Bunnell's motion to reverse (doc. no. 8) is denied, and the Commissioner's motion to affirm (doc. no. 9) is granted.

The clerk of the court shall enter judgment in accordance with this order and close the case.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

September 5, 2019

cc: Counsel of Record

15